# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

IN RE: PETITION OF MICHAEL S. JOHNSON,

MICHAEL S. JOHNSON,

               Petitioner.

Case No. 26-MC-9-JPS

**ORDER**

On February 23, 2026, Petitioner Michael S. Johnson ("Johnson") filed a motion to perpetuate testimony under Federal Rule of Civil Procedure 27. For the reasons explained below, the Court will deny the petition and will dismiss this action.

Johnson is currently an inmate confined at Green Bay Correctional Institution. Johnson seeks to perpetuate testimony from Darcy Stevens (Stevens"), Aaron Bamke ("Bamke"), and various Doe defendants. ECF No. 1 at 1. Johnson intends to bring a future lawsuit against these individuals; however, he alleges he cannot do so because critical facts are within the exclusive knowledge of correctional officials. *Id.* at 2. The anticipated action relates to a conspiracy between prison officials to hide the identity of responsible parties in relation to a retaliatory conduct report. *Id.* The testimony is expected to show that Bamke and Stevens conspired to issue Johnson a conduct report. *Id.* at 2-3. Johnson alleges that testimony may be lost due to the passage of time, staff reassignment, fading memories, or changes in institution practice. *Id.* at 3. Testimony is necessary to preserve evidence because Steven's husband, the prison Warden, has already attempted to have Johnson transferred to another institution. *Id.*

Federal Rule of Civil Procedure 27 allows district courts to permit depositions to perpetuate testimony before an action is filed. *See* Fed. R. Civ. P. 27(a). The rule specifies that the purpose of the deposition must be "to perpetuate testimony about any matter cognizable in a United States court." Rule 27(a)(1). A party who desires to take a deposition before an action is filed must file a verified petition in the district court for the district in which the person from whom the testimony is sought resides and serve it on that person. Rule 27(a)(1)–(2). The petition must show, among other things, "that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought." Rule 27(a)(1)(A). If the district court is "satisfied that perpetuating the testimony may prevent a failure or delay of justice," the court must issue an order allowing the deposition. Rule 27(a)(3).

Here, the Court finds that Johnson's motion does not satisfy the requirements of Rule 27. Johnson has not sufficiently demonstrated that he "cannot presently bring [the action] or cause it to be brought." Fed. R. Civ. P. 27(a)(1)(A). Johnson has not explained what information he needs to file his case. Further, Johnson has only made generalized allegations about evidence potentially being lost due to fading memories or changes in practice. *See In re Petition of Banks*, No. 93 C 6914, 1993 WL 502379, at *2 (N.D. Ill. Dec. 6, 1993) (finding allegations too generalized and no showing that the testimony sought was in any danger of being lost if depositions were not immediately taken). As such, the Court is obliged to deny Johnson's motion to perpetuate testimony and will dismiss this action.

Accordingly,

**IT IS ORDERED** that Petitioner Michael S. Johnson's motion for order to perpetuate testimony, ECF No. 1, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 17th day of July, 2026.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge